```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

H. DAVID VERDIN                            CIVIL ACTION

VERSUS                                     NUMBER: 05-4142

OMEGA PROTEIN, INC.                        SECTION: "D"(5)

## REPORT AND RECOMMENDATION

Presently before the Court is a joint motion for approval of Seaman's Settlement. (Rec. Doc. 59).

The facts pertinent to this matter may be summarized as follows:

Plaintiff, H. David Verdin, has alleged that he was injured while working as a fisherman on August 21, 2003 on the M/V GRAND CAILLOU. This vessel, owned by the defendant, Omega Protein, Inc., had a purse boat which was operating in the Gulf of Mexico at all relevant times on which plaintiff claims to have been when his injury occurred. Plaintiff alleged that his foot became trapped in a net while hauling in a catch of fish. As a result, it is contended that Verdin injured his back in such a fashion as to require surgical intervention. Plaintiff alleged unseaworthiness and/or negligence on the part of the employer which caused his

injury.

Plaintiff's medical records reflect that he was suffering with degenerative disc disease prior to the incident sued upon. Post incident, an MRI was performed on plaintiff's lumbar spine on September 11, 2003. Degenerative disc disease from L4-S1 was documented. However, plaintiff's initial treating neurosurgeon, Dr. Calvin S. Ennis, did not recommend surgery. This MRI was felt to be similar to a prior study performed on May 28, 2003, which pre-dated the accident in question.

Plaintiff obtained a second opinion from another doctor who opined that plaintiff was a surgical candidate and who performed a right lumbar foraminotomy at L4-5 and a left lumbar microdiscectomy and foraminotomy at L5-S1 on February 19, 2004. That surgeon, Dr. Terry Smith, believed that plaintiff had achieved a good result from the operation and that he could return to work with restrictions. As of June 19, 2004, Dr. Smith felt that plaintiff was at maximum medical improvement and that no further surgical intervention would be needed. A functional capacity examination performed on July 29, 2004 revealed that plaintiff could function at the light to medium work level.

In September, 2004, plaintiff began treating with a different neurosurgeon, Dr. Eric H. Wolfson, alleging that he had re-injured his back while undergoing the functional capacity evaluation. That

treatment ultimately culminated in plaintiff's undergoing an anterior lumbar interbody fusion with pedicle screws and rods performed on March 1, 2005. Plaintiff's operating neurosurgeon later opined that, but for a brain aneurysm which was diagnosed in February, 2006, plaintiff would have been able to return to some work post surgery, albeit with restrictions.

The defense denies that such an accident occurred and, indeed, there would have been varying trial testimony as to whether any incident happened. In addition, as of the date this matter was scheduled to go to trial, plaintiff would have been unable to testify in person before a jury because he had suffered a brain injury which has resulted in the need for him to be placed under a curatorship in his state of residence, Mississippi. Plaintiff developed a brain aneurysm in February, 2006 which required neuro-surgical intervention to preserve his life. The Court has been further advised that the plaintiff has very little current recollection of matters pre-dating the time of this surgery which went forward in April, 2006. As a result, the Court has not interviewed the plaintiff with regard to this matter, dealing only with his curator who is plaintiff's mother.

There is no suggestion that plaintiff's aneurysm occurred as a result of the initial incident of August 21, 2003. It was not until February, 2006 that plaintiff was diagnosed with the

aneurysm. Further, no treating physician has suggested that there is a causal connection between the aneurysm and anything which might have occurred in August, 2003. Plaintiff reached maximum medical improvement for the back injuries which he had alleged were caused by the August 21, 2003 event in March, 2006.

The Court finds that it is in the best interest of the seaman that this matter be settled as liability was contested. Comparative fault would, likewise, have been an issue at trial and the scope of what, if any injuries, occurred to plaintiff during the course and scope of his employment were likewise contested. The case was additionally complicated by the inability of plaintiff to testify live before a jury.

Counsel have agreed to settle this matter for the sum of Four Hundred Twenty-Five Thousand and 00/100 ($425,000.00) Dollars. In connection therewith, the Court interviewed Mrs. Fannie Hayes, the mother and conservator of plaintiff, who is in agreement with this settlement figure. Certified copies of the decree on conservatorship and letters of conservatorship from the Chancery Court of Jackson County, Mississippi have been furnished and are annexed hereto indicating that Mrs. Hayes has authority to act on plaintiff's behalf. A settlement sheet indicating the amount of proposed disbursements, including attorneys' fees has likewise been furnished to the undersigned pursuant to Local Rule 58.3 of this

Court.

Because of the problems attendant to the trial of this matter and because the undersigned believes that it is in the best interest of the injured seaman that this matter be compromised.

### RECOMMENDATION

For the foregoing reasons, it is recommended that said compromise by defendant with plaintiff in the amount of Four Hundred Twenty-Five Thousand and 00/100 ($425,000.00) Dollars be approved on the terms set forth in the aforesaid release, annexed hereto.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 25 day of May, 2007.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE